## IANNACI v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Jan 27, 1933

D. H. Laurienco, Cleveland, for plaintiff in error.

Frank T. Cullitan, Prosecuting Attorney, Cleveland, and Thomas A. Burke, Ass't Prosecuting Attorney, Cleveland, for defendant in error.

GARVER, PJ, SHERICK and LEMERT, JJ, (5th Dist), sitting.

GARVER, PJ.

The attorney for plaintiff in error states in his brief that the change in the indictment was made by the court before the trial commenced. There is no bill of exceptions in the case. The transcript of the docket and journal entries shows that on the 31st day of May, 1932, a jury was impaneled, the plaintiff in error being present with his counsel, and the jury heard part of the testimony and the case continued until the next day.

On June 1st, 1932, the transcript shows: "Indictment amended to charge unlawfully, forcibly and against her will."

The trial then proceeded. The insertion of the words "unlawfully" and "forcibly" and "against her will", was written in the indictment with a pen. The word "under" was crossed out and above it in typewriting was the word "over." As the attorney for plaintiff in error makes no claim in his brief that that word was written there by the judge, after the indictment was found, and since he doubtless had a copy of the original indictment, my conclusion is that the word "over" was typewritten there at the time the indictment was drafted in the prosecuting attorney's office.

The record does not show any objection made by the plaintiff in error when the judge inserted those words with the pen, nor is there any exception taken at the time, as shown by the record. Three days after the trial, a motion in arrest of judgment was filed by defendant below and in that motion the plaintiff in error claims

that he objected and excepted at the time the judge made the change. But that motion in arrest of judgment was never passed upon by the Court of Common Pleas so far as the record shows, and therefore is not before this reviewing court. No claim is specifically made in the motion for new trial that the defendant below objected to the change made by the judge, or took any exceptions thereto. Therefore, the entire record before us does not show any objection or any exception to the change made by the Common Pleas judge.

When the trial judge made the interlineation with the pen the defendant below had a right to object and if the objection was overruled, take an exception. He might, at least, have asked for a discharge of the jury and a reasonable continuance of the cause, but he did not do so. §13437-29, GC.

Secs 13437-28 and 13437-29, GC, are copied almost verbatim from the Michigan law, being combined in one section, known as §17290, Michigan Laws, enacted by the state of Michigan in 1927. The Michigan statute is construed in 250 Michigan Reports, 573, where the court say:

"In prosecution for negligent homicide the trial court properly allowed before a jury was impaneled amendment of the information setting forthwith greater particularity the specific acts relied on."

In the case of **Cincinnati v Schill, 125 Oh St, 57,** we find in the opinion these words:

"If an accused person feels that the charge filed against him is vague, indefinite and uncertain and that he is prejudiced thereby, he must not enter his plea, sit smugly through his trial and complain for the first time by the interposition of a motion in arrest of judgment."

So, in the instant case, if the defendant below felt that he was prejudiced by the change made by the Court of Common Pleas with his pen, he must not sit smugly through the trial and complain for the first time by the interposition of a motion in arrest of judgment, which motion has never been heard by the court below and ask a reviewing court to reverse the court below. The amendment of the statute, under which the court made the interlineation, was enacted for the purpose of allowing such changes to be made by the Common Pleas Court.

Therefore, the judgment of the court below should be affirmed.